UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Paul O'Brien, and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

       Plaintiffs,

 -against-

PITCOHN CONSTRUCTION ENTERPRISES, INC.
and GERARD MCENTREE,

       Defendants.
------------------------------------------------------------X


06 CV. 6531

JUDGE SAND
06 CV.

COMPLAINT


AUG 29 2006

  Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining of defendants, allege the following:

### Nature of Action

  1. This is an action arising under the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*, and the Labor Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, *et seq.*, to compel defendant PITCOHN CONSTRUCTION ENTERPRISES, INC (referred to herein as "PITCOHN") to make contributions to Plaintiffs,

1

employee benefit funds, on behalf of its employees in accordance with applicable law, collective bargaining agreement and trust instruments. This action also arises pursuant to common law, to recover money damages by reason of fraud with respect to defendant GERARD MCENTREE (referred to herein as "MCENTREE").

## Jurisdiction

2. Jurisdiction over Count I is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(d)(1), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1)(f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

3. Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction, 28 U.S.C. Section 1367.

## Venue

4. The action is properly venued in this District in that plaintiffs maintain their offices in this District, and this is the District in which defendant MCENTREE committed acts of fraud.

## Parties

5. Plaintiffs, The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry

Fund and the New York City District Council of Carpenters Charity Fund, are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5). Plaintiffs Michael J. Forde and Paul O'Brien are representative Trustees of the foregoing Funds. Plaintiff New York City and Vicinity Carpenters Labor-Management Cooperation Corporation is a New York not for profit corporation. Plaintiffs are collectively known as "the Funds".

6. The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

7. Upon information and belief, defendant PITCOHN is a New York corporation with a principal place of business in New York, New York. Upon information and belief, defendant is an employer in an industry affecting commerce within the meaning of ERISA, Sections 3(5), (11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6) and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8. Upon information and belief, at all relevant times herein MCENTREE was president and principal operating officer of PITCOHN.

9. Upon information and belief, MCENTREE is or was a resident of the State of New York, County of Queens.

Count I
As to Defendant PITCOHN

10. At all relevant times herein, there was in force and effect a collective bargaining agreement by and between The District Council of New

York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") and PITCOHN (the collective bargaining agreement is referred to herein as "Independent Agreement").

11.  The Independent Agreement provides at Section 1 of Article XV thereof, "Every Employer covered by this Agreement shall make contributions for each hour worked of [sic] all employees covered by this Agreement...in the amounts hereinafter specified to the [plaintiff Funds]."

12.  The Independent Agreement provides at Section 3 of Article XV, *inter alia*, "Each Employer shall be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the [Funds], as amended, and by all By-Laws adopted to regulate each of the said Funds."

13.  Said collective bargaining agreement requires PITCOHN to make contributions to the plaintiffs for each hour worked by carpenters performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

14.  At all relevant times herein, there was in force and effect a collective bargaining agreement by and between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") and the Building Contractors Association ("BCA") (Agreement known as the "BCA Agreement").

15.  At all relevant times PITCOHN was a member of the BCA.

16. At all relevant times PITCOHN was a signatory of the BCA Agreement.

17. At all relevant times PITCOHN was a signatory of the BCA Agreement by virtue of its membership in the BCA.

18. At all relevant times PITCOHN consented by its acts and conduct to be bound to the terms of the BCA Agreement.

19. The BCA Agreement provides at Section 1 of Article XVI thereof, "Every Employer covered by this Agreement shall make contributions for each hour worked of all employees covered by this Agreement and employed by said Employer within the territory of this Agreement in the amounts hereinafter specified to the [plaintiff Funds]."

20. The BCA Agreement provides at Section 3 of Article XVI, *inter alia*, "Each Employer shall be bound by all of the terms and conditions of the Agreements and Declarations of Trust creating the [Funds], as amended, and by all By-Laws adopted to regulate each of the said Funds."

21. Said collective bargaining agreement requires PITCOHN to make contributions to the plaintiffs for each hour worked by carpenters performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

22. Upon information and belief, at all relevant times, including 2002 to 2005, PITCOHN employed workers for whom it was required to make contributions to the Funds.

23. Upon information and belief, PITCOHN failed to remit contributions and/or failed to remit all contributions required to be paid to the Funds for work performed by its covered employees for the period 2002 to 2005 and is delinquent and deficient in the approximate principal sum of $1,910,638.00

24. Defendant's refusal and failure to remit contributions is a violation of the collective bargaining agreement, and the Agreements and Declarations of Trust and ERISA, and the Funds' collection guidelines.

## Count II
### Common Law Fraud as to Defendant MCENTREE

25. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "24" as if set forth in full herein.

26. Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of PITCOHN's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing PITCOHN to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted covered employees; and (c) other schemes and artifices presently unknown.

27. Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his

direction and control, engaged and/or participated in a concerted and systematic scheme whereby he caused PITCOHN to pay cash to its carpenters in violation of the collective bargaining agreement and other documents.

28. Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control defrauded the Funds by providing reports and information to the Funds that deliberately omitted covered employees for whom contributions were required to be made.

29. Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew PITCOHN was required to make contributions to the Funds.

30. Upon information and belief, defendant knew the documents and reports of carpenters employed and the hours they worked were false when made.

31. Upon information and belief, defendant knew the Funds relied upon the representations of hours worked and carpenters employed that were made to the Funds and/or its agents in calculating PITCOHN's liability for fringe benefit contributions.

32. The Funds justifiably relied upon the hours reported by PITCOHN.

33. Upon information and belief, defendant knew that the District Council had the right to remove Union carpenters from PITCOHN's job sites for the failure to make contributions to the Funds in accordance with the collective bargaining agreement between PITCOHN and the District Council.

34. Upon information and belief, defendant engaged in the scheme to defraud and conceal facts relating to PITCOHN's failure to remit contributions for its carpenter employees to the Funds, in whole or in part, because his wrongful taking and/or receipt of money was dependent upon PITCOHN's continuation of business operations.

35. Upon information and belief, the knowingly false representations by defendant, or other individuals acting under his direction and control, were made for the purpose of deceiving the Funds and forestalling and/or preventing action to enforce PITCOHN's obligation to make contributions to the Funds, including, but not limited to a shut-down of PITCOHN's jobs as permitted by the collective bargaining agreement with the District Council.

36. Upon information and belief, defendant knew that the false representations to the Funds or its agents with respect to hours worked and the number of carpenters employed at the PITCOHN job sites would result in an unjustified windfall to him.

37. Upon information and belief, defendant benefited personally from the fraudulent scheme by converting to his own use money that was part of

the compensation package of PITCOHN's carpenter employees, rather than remitting, or causing said funds to be remitted, to the Funds.

38. By reason of the foregoing acts and conduct plaintiffs have been damaged in a sum to be determined at trial, estimated to be the principal sum of $1,910,638.00.

### Count III
### Punitive Damages as to Defendant MCENTREE

39. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "38" as if set forth in full hereat.

40. Defendant MCENTREE knew that the deceptive and fraudulent acts and conduct as alleged above would adversely affect the welfare of employees of PITCOHN and their families who relied upon the Funds for medical and hospital insurance and other benefits.

41. Defendant's acts and conduct were gross, willful, wanton and morally culpable.

42. By reason of the foregoing MCENTREE is liable for punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(a) As to Count I,

(1) damages in a sum to be determined at trial, estimated to be the principal sum of $1,910,638.00;

(2) interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g), 29 U.S.C. §1132(g);

(b) As to Counts II and III,

(1) damages against MCENTREE individually in an amount to be determined at trial, estimated to be the principal sum of $1,910,638.00;

(2) punitive damages against MCENTREE in a sum three times the damages;

(3) interest on the foregoing;

(4) attorneys' fess and costs.

(d) such other and different relief as the Court deems proper and just.

Dated: New York, New York
August 28, 2006

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
Andrew GraBois (AG 3192)
Attorneys for Plaintiffs
52 Duane Street
New York, New York 10007
(212) 571-7100