UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF                    :
CARPENTERS PENSION FUND, NEW YORK CITY              :
DISTRICT COUNCIL OF CARPENTERS WELFARE              :
FUND, NEW YORK CITY DISTRICT COUNCIL OF             :
CARPENTERS VACATION FUND, NEW YORK                  :
CITY DISTRICT COUNCIL OF CARPENTERS                 :
ANNUITY FUND, NEW YORK CITY DISTRICT                :
COUNCIL OF CARPENTERS APPRENTICESHIP,               :    **ANSWER**
JOURNEYMEN RETRAINING, EDUCATIONAL                  :
AND INDUSTRY FUND, NEW YORK CITY                    :    06 Civ. 6531 (Sand, J.)
DISTRICT COUNCIL OF CARPENTERS CHARITY              :
FUND, by their Trustees Michael J. Forde and Paul   :
O'Brien, and NEW YORK CITY AND VICINITY             :
CARPENTERS LABOR-MANAGEMENT                         :
CORPORATION,                                        :
                          Plaintiffs,               :
                                                    :
            -against-                               :
                                                    :
PITCOHN CONSTRUCTION ENTERPRISES, INC.              :
AND GERARD MCENTREE,                                :
                                                    :
                          Defendants.               :
------------------------------------------------------------------X

        The Defendants, Pitcohn Construction Enterprises, Inc. and Gerard McEntree, by

its attorneys, Kaufman Dolowich Schneider Bianco & Voluck, LLP, as and for its

Answer to the subject Complaint, sets forth the following:

        1.      Defendants neither admit nor deny the allegations set forth in Paragraph

"1" of the Complaint, as they are not allegations of fact, but rather a prayer for relief.

        2.      Defendants neither admit nor deny the allegations set forth in Paragraph

"2" of the Complaint, as they are not allegations of fact, but conclusions of law.

        3.      Defendants neither admit nor deny the allegations set forth in Paragraph

"3" of the Complaint, as they are not allegations of fact, but conclusions of law.

1

4.      Defendants neither admit nor deny the allegations set forth in Paragraph "4" of the Complaint, as they are not allegations of fact, but conclusions of law.

5.      Defendants neither admit nor deny the allegations set forth in Paragraph "5" of the Complaint, as they are not allegations of fact, but conclusions of law.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendants neither admit nor deny the allegations set forth in Paragraph "7" of the Complaint, as they are not allegations of fact, but conclusions of law.

8.      Defendants neither admit nor deny the allegations set forth in Paragraph "8" of the Complaint, as they are not allegations of fact, but conclusions of law.

9.      Defendants admit the allegations set forth in Paragraph "9" of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S

## FIRST CAUSE OF ACTION

10.     Defendants neither admit nor deny the allegations set forth in Paragraph "10" of the Complaint but rather refer to the document referenced therein.

11.     Defendants neither admit nor deny the allegations set forth in Paragraph "11" of the Complaint but rather refer to the document referenced therein.

12.     Defendants neither admit nor deny the allegations set forth in Paragraph "12" of the Complaint but rather refer to the document referenced therein.

13.     Defendants neither admit nor deny the allegations set forth in Paragraph "13" of the Complaint but rather refer to the document referenced therein.

14.    Defendants neither admit nor deny the allegations set forth in Paragraph "14" of the Complaint but rather refer to the document referenced therein.

15.    Defendants neither admit nor deny the allegations set forth in Paragraph "15" of the Complaint but rather refer to the document referenced therein.

16.    Defendants neither admit nor deny the allegations set forth in Paragraph "16" of the Complaint but rather refer to the document referenced therein.

17.    Defendants neither admit nor deny the allegations set forth in Paragraph "17" of the Complaint but rather refer to the document referenced therein.

18.    Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19.    Defendants neither admit nor deny the allegations set forth in Paragraph "19" of the Complaint but rather refer to the document referenced therein.

20.    Defendants neither admit nor deny the allegations set forth in Paragraph "20" of the Complaint but rather refer to the document referenced therein.

21.    Defendants neither admit nor deny the allegations set forth in Paragraph "21" of the Complaint but rather refer to the document referenced therein.

22.    Defendants neither admit nor deny the allegations set forth in Paragraph "22" of the Complaint, as they are not allegations of fact, but conclusions of law.

23.    Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24.    Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

3

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S

## SECOND CAUSE OF ACTION

25.     In response to Paragraph "25" of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "24" of the Defendants' Answer.

26.     Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendants neither admit nor deny the allegations set forth in Paragraph "33" of the Complaint but rather refer to the document referenced therein.

34.     Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

4

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF'S

## THIRD CAUSE OF ACTION

39. In response to Paragraph "39" of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "38" of the Defendants' Answer.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

43. Plaintiffs' action is barred by the doctrine of payment, partial or whole.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

44.     Plaintiffs' action is barred by the statute of limitations.


WHEREFORE, it is respectfully requested that the Complaint be dismissed in its

entirety, with prejudice, and that the Defendants be awarded such other and further relief

as this Court deems just and proper.

Dated:     Woodbury, New York
            November 30, 2006

                            Kaufman Dolowich Schneider Bianco &
                            Voluck LLP
                            Attorneys for Defendants

                            By_____
                               Richard M. Howard (RMH – 2932)
                               135 Crossways Park Drive Suite 210
                               Woodbury, New York 11797
                               (516) 681-1100


TO:     Andrew Grabois
        Attorneys for Plaintiffs
        O'Dwyer & Bernstien, LLP
        52 Duane Street
        New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF                        :
CARPENTERS PENSION FUND, NEW YORK CITY                  :
DISTRICT COUNCIL OF CARPENTERS WELFARE                  :
FUND, NEW YORK CITY DISTRICT COUNCIL OF                 :
CARPENTERS VACATION FUND, NEW YORK                      :
CITY DISTRICT COUNCIL OF CARPENTERS                     :
ANNUITY FUND, NEW YORK CITY DISTRICT                    :
COUNCIL OF CARPENTERS APPRENTICESHIP,                   :   **AFFIDAVIT OF**
JOURNEYMEN RETRAINING, EDUCATIONAL                      :   **SERVICE**
AND INDUSTRY FUND, NEW YORK CITY                        :
DISTRICT COUNCIL OF CARPENTERS CHARITY                  :
FUND, by their Trustees Michael J. Forde and Paul       :
O'Brien, and NEW YORK CITY AND VICINITY                 :
CARPENTERS LABOR-MANAGEMENT                             : 06 Civ. 6531 (Sand, J.)
CORPORATION,                                            :
                            Plaintiffs,                 :
                                                        :
            -against-                                   :
                                                        :
PITCOHN CONSTRUCTION ENTERPRISES, INC.                  :
AND GERARD MCENTREE,                                    :
                                                        :
                            Defendants.                 :
-------------------------------------------------------------------X
STATE OF NEW YORK       }
                        } ss.:
COUNTY OF NASSAU        }

        Roseann Kennedy, being duly sworn, deposes and says.

        That Deponent is not a party to this action, is over 18 years of age and resides at
Elmont, New York.

        That on the 30th day of November, 2006, Deponent served the within Answer to
Plaintiffs' Complaint upon:

        Andrew Grabois, Esq.
        O'Dwyer & Bernstien, LLP
        52 Duane Street
        New York, NY 10007

by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Roseann Kennedy*

Roseann Kennedy

Sworn to before me this
30th day of November, 2006

Notary Public

JEFFERY A MEYER
Notary Public, State of New York
No. 02ME6131003
Qualified in Suffolk County
Commission Expires July 25, 2009