UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF          06-Civ-6531 (LBS)
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Paul O'Brien, and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

                            Plaintiffs,

              -against-


PITCOHN CONSTRUCTION ENTERPRISES, INC.
And GERARD MCENTREE,

                            Defendants.
-----------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MCENTREE'S MOTION FOR JUDGMENT ON THE PLEADINGS

NIALL MAC GIOLLLABHUÍ
Law Offices of Michael G. Dowd
Attorneys for Gerard McEntree
112 Madison Avenue, 3rd Floor
New York, NY 10016
(212) 751-1640

# TABLE OF CONTENTS

**Page**

INTRODUCTION...........................................................................................1

THE STANDARD OF REVIEW APPLICABLE TO THIS
MOTION...................................................................................................2

THE FRAUD ALLEGED IN COUNT TWO AND ITS
PARTICULARS..........................................................................................2

UNDER NEW YORK LAW, THE FRAUDULENT BREACH OF
A CONTRACT DOES NOT GIVE RISE TO AN ACTION
FOR FRAUD.............................................................................................4

THE ALLEGED FRAUD IS NOT PLEADED WITH THE
PARTICULARITY REQUIRED BY RULE 9(B) OF THE
FEDERAL RULES OF CIVIL PROCEDURE...................................................6

THE PLAINTIFFS' FAILURE TO SATISFY THE
REQUIREMENTS OF RULE 9(B) WAS NOT WAIVED
BY DEFENDANT MCENTREE ANSWERING THE
COMPLAINT.............................................................................................9

CONCLUSION..........................................................................................11

## INTRODUCTION

The Plaintiffs' Complaint (attached hereto as Exhibit "A") contains three causes of action.

Count One, arising under the Employees Retirement Income Security Act of 1974 ("ERISA"), alleges a failure by Defendant Pitcohn to make contributions to the Plaintiffs in respect of carpenters in its employ in violation of collective bargaining agreements between Defendant Pitcohn and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council"). The loss to the Plaintiffs from this alleged breach of contract is estimated to be $1,910,638.

Count Two alleges Fraud against Defendant McEntree, under the common law of New York State, stemming from the allegations in Count One. The damage to the Plaintiffs is estimated to be $1,910,638; the exact amount of the alleged breach of contract loss in Count One.

Count Three claims that the nature of the conduct alleged in Count Two also renders Defendant McEntree liable for punitive damages.

Defendant McEntree is entitled to judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, on the basis that Count Two fails to state a claim upon which relief can be granted. The failure is twofold: first, under New York State law, the fraudulent breach of a contract does not give rise to an action for fraud; and second, the alleged fraud is not pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

1

## THE STANDARD OF REVIEW APPLICABLE TO THIS MOTION

The defense of failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, may be asserted either in a responsive pleading or by motion. However, as opposed to those defenses listed in Rule 12(b)(2)-(5), which, if by motion, must be asserted prior to a responsive pleading, Rule 12(h)(2) explicitly provides that the defense of failure to state a claim upon which relief can be granted may be raised afterwards on a motion for judgment on the pleadings under Rule 12(c).

The standard to be applied is the same as that applicable to a motion pursuant to Rule 12(b)(6). Irish Lesbian, Gay Organization v. Giuliani, 143 F.3d 638, 644 (2d Cir., 1998) Accordingly, the court must accept all allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. It should deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)).

## THE FRAUD ALLEGED IN COUNT TWO AND ITS PARTICULARS

Count Two of the Complaint, in paragraphs 26 through 29, alleges the following fraudulent scheme and actions in furtherance thereof, against Defendant McEntree:

> 26.    Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of PITCOHN's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund

2

contributions to the Funds; (b) submitting and/or communicating, or causing PITCOHN to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted covered employees; and (c) other schemes and artifices presently unknown.

27.    Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control, engaged and/or participated in a concerted and systematic scheme whereby he caused PITCOHN to pay cash to its carpenters in violation of the collective bargaining agreement and other documents.

28.    Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control defrauded the Funds by providing reports and information to the Funds that deliberately omitted covered employees for whom contributions were required to be made.

29.    Upon information and belief, at times between 2002 and 2005 MCENTREE, acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew PITCOHN was required to make contributions to the Funds.

Thus, the fraud alleged against Defendant McEntree is that he engaged in a scheme to defraud the Plaintiff of contributions required to be paid on behalf of Defendant Pitcohn's carpenter employees.

The alleged particulars of this fraud are as follows: first, Defendant McEntree paid or caused Defendant Pitcohn to pay cash to its carpenters in violation of the collective bargaining agreement[s]; second, he submitted and/or communicated, or caused Defendant

3

Pitcohn to submit and/or communicate, false reports and information to the Plaintiffs that

deliberately omitted covered employees; third, he submitted shop steward reports to the District

Council that deliberately omitted covered employees.

## UNDER NEW YORK LAW, THE FRAUDULENT BREACH
## OF A CONTRACT DOES NOT GIVE RISE TO AN ACTION FOR FRAUD

Count Two simply restates the breach of contract allegation against Defendant

Pitcohn in Count One, describes its particulars, and labels it as fraud against Defendant

McEntree.

Indeed, the first particular of this alleged fraud could not be a clearer statement of

the cause of action's true nature; it charges Defendant McEntree with causing Defendant Pitcohn

"to pay cash to its carpenters *in violation of the collective bargaining agreement...*" (para. 27)

(emphasis added)

New York courts have constantly held, as this court found in Airlines Reporting

Corp. v. Aero Voyagers, Inc., 721 F.Supp. 579, 582 (S.D.N.Y., 1989), that a cause of action for

fraud will not arise when the only fraud charged relates to a breach of contract.

The case of Regnell v. Page, 54 A.D.2d 540, 387 N.Y.S.2d 253 (N.Y.A.D., 1976),

raised the same issues as the present one in identical circumstances. In that case, the first and

fourth causes of the complaint, covering different periods of time, also pleaded a collective

bargaining agreement allegedly violated by underpayments of amounts due for contribution to a

welfare and pension fund. However, the New York Supreme Court, Appellate Division, First

Department held that the second and fifth causes, which, in the same way as Count Two above,

simply restated the alleged underpayments, and described the reports of contributions due as

fraudulently made, did not state a cause of action, for the reason that a fraudulent breach of

4

contract does not give rise to an action for fraud.

      The court based its decision upon the long-standing principle enunciated by the New York Court of Appeals in <u>Brick v. Cohn-Hall-Marx Co.</u>, 276 N.Y. 259, 11 N.E.2d 902 (N.Y., 1937), wherein the court held that, where a contract for payment of royalties for use of a package provided that the defendant would pay a stipulated amount for each package sold, an action for money due under the contract because of the defendant's false statements and failure to account for all sales was not an action upon fraud, but was instead an action upon contract. It found that the plaintiff's only purpose in pleading fraud was to avoid the statute of limitations; however, the nature of the action did not change in order to allow them to do so:

> "The basis of the action is the contract. The claim of the plaintiffs is based upon the contract; in other words, if the defendant owes the plaintiffs any money, it is because of the agreement which it made to pay royalties upon sales which were made. Even though the defendant may have falsely stated the amount of the sales and rendered false statements, the fact remains that its liability on the actual amount of sales depends upon the contract. Whether the defendant deliberately refused to make payment, thus breaching its contract, or whether through neglect it made false statements, or whether it deliberately made false statements, the action of the plaintiffs is founded and based upon the contract, without which they would have no claim at all. The falsity of these statements and the fraud of the defendant according to the allegations amounted to a breach of the contract and were no more or less a breach of the contract than if the defendant had deliberately refused to pay or had neglected to pay." *Id.* at 263-4

      Section 515 of ERISA imposes an obligation to make contributions to employee benefit plans on every "employer who is obligated to make contributions...under the terms of a

5

collectively bargained agreement." 29 U.S.C. § 1145. The term "employer" is defined as "any

person acting directly as an employer, or indirectly in the interest of an employer, in relation to

an employee benefit plan." 29 U.S.C. § 1002.

Thus, an individual may be liable under ERISA for a corporation's obligations.

However, punitive damages are not available under ERISA.

The only purpose of the Plaintiffs in pleading common law fraud against

Defendant McEntree is to avoid the unavailability of punitive damages under ERISA. However,

the nature of the cause of action does not change in order to allow them to do so. Count Two is

an action upon the collective bargaining agreements between Defendant Pitcohn and the District

Council. It is not an action upon fraud, and accordingly, because it fails to state a claim upon

which relief can be granted, Defendant McEntree is entitled to judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure in respect of it

### THE ALLEGED FRAUD IS NOT PLEADED WITH THE PARTICULARITY REQUIRED BY RULE 9(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A claim for fraud must be dismissed under Rule 12(b)(6) of the Federal Rules of

Civil Procedure if it does not satisfy the requirements of Rule 9(b). MTV Networks, a Div. of

Viacom Intern., Inc. v. Curry, 867 F.Supp. 202, 206. (S.D.N.Y., 1994)

Rule 9(b) provides that, in alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake.

Thus, when a complaint alleges fraud, it must (1) adequately specify the

statements it claims were false or misleading; (2) give particulars as to the respect in which

plaintiff contends the statements were fraudulent; (3) state when and where the statements were

6

made; (4) and identify those responsible for the statements. <u>Cosmas v. Hassett</u>, 886 F.2d 8, 11

(C.A.2, 1989)

Furthermore, although under Rule 9(b) a complaint need only aver intent

generally, it must nonetheless allege facts which give rise to a strong inference that the

defendants possessed the requisite fraudulent intent. *Id.* at 12-13. The requisite "strong

inference" of fraud may be established either (a) by alleging facts to show that defendants had

both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong

circumstantial evidence of conscious misbehavior or recklessness. <u>Shields v. Citytrust Bancorp,</u>

<u>Inc.</u>, 25 F.3d 1124, 1128 (C.A.2, 1994)

Finally, Rule 9(b) pleadings cannot be based upon information and belief, subject

to a single exception:

> "...fraud allegations may be so alleged as to facts
> peculiarly within the opposing party's knowledge,
> in which event the allegations must be accompanied
> by a statement of the facts upon which the belief is
> based." <u>DiVittorio v. Equidyne Extractive</u>
> <u>Industries, Inc.</u>, 822 F.2d 1242, 1247 (C.A.2, 1987)

Nonetheless, as the Court of Appeals cautioned in <u>Wexner v. First Manhattan Co.</u>,

902 F.2d 169, 172 (C.A.2, 1990):

> "This exception to the general rule must not be
> mistaken for license to base claims of fraud on
> speculation and conclusory allegations. Where
> pleading is permitted on information and belief, a
> complaint must adduce specific facts supporting a
> strong inference of fraud or it will not satisfy even a
> relaxed pleading standard."

With regard to Count Two, as above pointed out, the first alleged particular of

fraud is clearly based upon contract, not fraud; there is absolutely no allegation of any false or

misleading statement.

With regard to the second alleged particular – that defendant McEntree submitted and/or communicated, or caused Defendant Pitcohn to submit and/or communicate, false reports and information to the Plaintiffs that deliberately omitted covered employees - the pleading is deficient in almost every respect.

First, it does not specify which alleged reports and information are being referred to. Second, it does not state either when or where said reports and information were provided. Third, it does not identify those responsible for them; pleading "McEntree, acting by himself and/or in concert with persons under his direction and control" is wholly inadequate to this requirement. The pleading must either allege that Defendant McEntree personally provided the alleged reports and information or, alternatively, identify the other person (or persons) that did and then plead their connection with Defendant McEntree.

Next, in relation to intent, absolutely no facts are alleged that constitute strong circumstantial evidence of conscious misbehavior or recklessness. Furthermore, none are alleged to show that defendant McEntree had an opportunity to commit fraud in the manner alleged, other than his association with Defendant Pitcohn. However, such guilt by association is simply not a sufficient pleading under Rule 9(b). Landy v. Mitchell Petroleum Technology Corp., 734 F.Supp. 608, 620 (S.D.N.Y., 1990)

Finally, allegations of fraud based upon information and belief – which covers every single statement in Count Two – may only be so made as to facts peculiarly within Defendant McEntree's knowledge. In this case the allegedly fraudulent reports and information are all known to the Plaintiffs, who are clearly in a position to specify what they are; when and

8

where they were provided; and identify who provided them. However, in defiance of the Court of Appeal's strict admonition in <u>Wexner v. First Manhattan Co.</u>, *supra*, this exception to the general rule has blatantly been used as a license to base claims of fraud on speculation and conclusory allegations.

The foregoing analysis in respect of the second alleged particular applies with equal, and in fact greater force, to the third alleged particular - that Defendant McEntree submitted shop steward reports to the District Council that deliberately omitted covered employees. The pleading fails to specify which reports are being referred to; it fails to allege when and where they were submitted; it fails to identify to identify who made them; it fails to show facts peculiarly within Defendant McEntree's knowledge sufficient to justify pleading on information and belief. Above all, it fails to allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, or explain in any way how Defendant McEntree could possibly have an opportunity to submit *shop steward reports* to the District Council.

The generalized and wholly conclusory allegations of fraud in Count Two simply do not satisfy the requirements of Rule 9(b), and Defendant McEntree is therefore entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure in respect of it.

**THE PLAINTIFFS' FAILURE TO SATISFY THE
REQUIREMENTS OF RULE 9(B) WAS NOT WAIVED
BY DEFENDANT MCENTREE ANSWERING THE COMPLAINT**

The particularity requirement of Rule 9(b), in the words of the Court of Appeals in <u>Cosmas v. Hassett</u>, 886 F.2d 8, 11 (C.A.2, 1989), "is designed to further three goals: (1) to

9

provide a defendant with fair notice of the plaintiff's claim, (2) to protect a defendant from harm to his or her reputation or goodwill, and (3) to reduce the number of strike suits." In <u>Ross v. Bolton</u>, 904 F.2d 819, 823 (C.A.2, 1990) it vowed to "rigorously enforce these salutary purposes of Rule 9(b)."

The Court of Appeals laid particular stress upon the second of these purposes in <u>Segal v. Gordon</u>, 467 F.2d 602, 607 (C.A.2, 1972):

> "It is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically."

In <u>Todaro v. Orbit Intern. Travel, Ltd.</u> 755 F.Supp. 1229, 1234 (S.D.N.Y., 1991), this court, District Judge Leisure, focused exclusively upon the first of these purposes and held, where the defendants had filed a detailed answer, and did not raise a Rule 9(b) objection in that answer, that they had waived any objection to the fraud claims on the ground of insufficient particularity. However, the Court of Appeals in <u>Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.</u> 404 F.3d 566, 583 n.14 (C.A.2, 2005), while acknowledging that failure to assert a Rule 9(b) objection in an answer can result in its waiver, declined to do so based upon the circumstances of the case.

In this case, unlike in <u>Todaro v. Orbit Intern. Travel, Ltd</u>, *supra*, the answer contains only a bare, pro forma denial of the allegations.

More importantly, in the words of District Judge Sands in <u>Harris v. Emerson</u> 1979 WL 1261 at *1 (S.D.N.Y., 1979):

"While it is true that one of the purposes for requiring specificity in pleadings alleging fraud is to enable a defendant to prepare an adequate response, the courts of this Circuit have universally recognized that rule 9(b) serves other purposes as well... These additional and by no means unimportant purposes of the rule are served to a significant extent regardless of whether the specificity inquiry takes place before or after the defendant answers."

Finally, Rule 12(h)(2) explicitly provides that the defense of failure to state a claim upon which relief can be granted, which includes a failure to comply with Rule 9(b), is preserved beyond a responsive pleading and may be raised by motion under Rule 12(c), as opposed to those defenses, referred to in Rule 12(h)(1), which are waived by failing to include them in a responsive pleading.

Thus, the plaintiffs' failure to satisfy the requirements of rule 9(b) was not waived by Defendant McEntree answering the Complaint.

## CONCLUSION

Defendant McEntree is entitled to judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on the basis that Count Two fails to state a claim upon which relief can be granted.

It fails to do so because, under New York State law, the fraudulent breach of a contract does not give rise to an action for fraud and, also, because the alleged fraud is not pleaded with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. This

11

latter failure was not waived by Defendant McEntree answering the Complaint.

Dated: New York, New York
        August 5, 2008

NIALL MAC GIOLLLABHUÍ
Law Offices of Michael G. Dowd
Attorneys for Defendant McEntree
112 Madison Avenue, 3rd Floor
New York, NY 10016
(212) 751-1640

12