UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF            06-Civ-6531
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, by their Trustees
Michael J. Forde and Paul O'Brien, and NEW
YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

        Plaintiffs,

  -against-


PITCOHN CONSTRUCTION ENTERPRISES, INC.
And GERARD MCENTREE,

        Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW**




          NIALL MAC GIOLLLABHUÍ
          Law Office of Michael G. Dowd
          Attorneys for Defendants
          112 Madison Avenue, 3rd Floor
          New York, NY 10016
          (212) 751-1640

## INTRODUCTION

The within Memorandum is submitted pursuant to Conference with Judge Gorenstein and the parties on February 27, 2009, in order to expand upon the legal bases upon which rest the defenses referred to in Defendant's letter to the Court dated February 26, 2009. (attached hereto as Exhibit "A")

Count One of the Amended Complaint herein, arising under the Employees Retirement Income Security Act ("ERISA"), alleges a failure by Defendant Pitcohn to make contributions to the Plaintiff Benefit Funds, on behalf of its employees, for work covered by several collective bargaining agreements – in other words, carpentry work.

Count Two alleges a scheme to defraud the Plaintiff Benefit Funds against Defendant McEntee, stemming from the allegations in Count One.

However, Defendants contend that most of the so-called carpenters were both illegally present and unauthorized to work in the United States. Because these unauthorized aliens lacked valid social security numbers, they could not be processed through the payroll and benefits system – operated by Automatic Data Processing (ADP) – that employers were obligated by the Plaintiff Benefit Funds to use. Employees of Defendant Pitcohn with valid social security numbers were indeed processed through this system. On the other hand, attempts to process those without valid social security numbers were rejected. Thus, of necessity, these employees were paid their wages "off the books"; the system did not allow for benefit contributions.

Defendants contend that the employment of unauthorized aliens was common and well known within the Carpenters' Union. It was also well known to the Plaintiff Benefit Funds. In fact, the practice was fostered by the Union itself by recruiting unauthorized aliens as members, primarily through Local 608. These unauthorized aliens then worked for a certain number of union contractors, including Defendant Pitcohn, all of whom were known to the Union. The most prominent union contractor engaged in this practice was On Par Contracting, presided over by James Murray; indeed, the allegations made by the Plaintiff Benefit Funds with respect to On Par Contracting and James Murray in a separate case, Docket No. 06-Civ-5643, are practically identical to the allegations made against Defendants in the present case. The Union profited enormously by the foregoing arrangement in the form of membership dues; often paid directly by Defendant Pitcohn, along with other contributions. Both current and preceding presidents of Local 608, namely John Greaney and Michael Forde, are trustees of the Plaintiff Benefit Funds; the latter, by whom this action is taken, is also Chairman thereof.

## ILLEGALITY

It is a defense to Count One that the benefit contributions being sought are illegal. Benson v. Brower's Moving & Storage, Inc. 907 F.2d 310 (C.A.2, 1990).

§ 274c(a)(1) of the Immigration Reform and Control Act (IRCA), 8 U.S.C. § 1324c(a)(1), provides, inter alia, that it is unlawful for any person or entity to falsely make any document to obtain a benefit under the Act. § 274c(a)(2) of IRCA, 8 U.S.C. § 1324c(a)(2), further provides, inter alia, that it is illegal to use, attempt to use, possess, obtain, accept, or receive or to provide any falsely made document in order to obtain a benefit under the Act.

Defendants contend that falsely made union membership cards issued by Local 608 of the Carpenters' Union were used by unauthorized aliens to obtain employment with Defendant Pitcohn.

In other words, union membership cards were falsely made by the Carpenters' Union to obtain a benefit under IRCA for unauthorized aliens in becoming employees of Defendant Pitcohn. 8 U.S.C. § 1324c(a)(1). Furthermore, the Union aided and abetted in the use, possession, obtainment, acceptance, receipt and provision of these falsely made documents by said employees. 8 U.S.C. § 1324c(a)(2); 18 U.S.C. § 2.

Thus, the employment relationship of these unauthorized aliens to Defendant Pitcohn, upon which the claim for benefit contributions is predicated by the relevant collective bargaining agreements (Amended Complaint, paras. 11, 19 ), is rendered wholly illegal under explicit provisions of federal law.

The present situation is directly analogous to that confronted by the Supreme Court in Hoffman Plastic Compounds, Inc. v. N.L.R.B. 535 U.S. 137, 122 S.Ct. 1275 (S., 2002), wherein was addressed a conflict between the National Labor Relations Act and IRCA regarding the award of backpay to an unauthorized alien.

The Court found that "[u]nder the IRCA regime, it is impossible for an undocumented alien to obtain employment in the United States without some party directly contravening explicit congressional policies." *Id.* at 148 Furthermore, it discounted the argument of the National Labor Relations Board that, while IRCA criminalized the misuse of documents, "it did not make violators ineligible for back pay awards or other compensation flowing from

employment secured by the misuse of such documents." *Id.* at 149 (internal citations omitted) Ultimately, the Court held that the award of backpay to unauthorized aliens was foreclosed by federal immigration policy, as expressed in IRCA.

Defendants contend that benefit contributions on behalf of unauthorized aliens are likewise foreclosed.

In the alternative, Defendants contend that the Plaintiff Benefit Funds are seeking benefit contributions on behalf of employees of Defendant Pitcohn who, because of their status as unauthorized aliens, are unable to receive any benefits. Instead, it is contended, these contributions will be used, inter alia, to subsidize the improper expenses of union employees and officials. Contributions thus utilized constitute illegal payments pursuant to § 186(a) of the National Labor Relations Act, 29 U.S.C. § 186(a). NYS Teamsters Conference Pension & Retirement Fund v. Hoh, 554 F.Supp. 519 (N.D.N.Y., 1982)

## FRAUD

To prove fraud against Defendant McEntee, the Plaintiff Benefit Funds must demonstrate: (i) a material false representation or omission of an existing fact, (ii) the defendant's knowledge of the falsity, (iii) the defendant's intent to defraud, (iv) the plaintiff's reasonable reliance upon the misrepresentation or omission, and (v) consequent damage to the plaintiff. Cement & Concrete Workers District Council Welfare Fund v. Lollo, 148 F.3d 194 (C.A. 2, 1998).

The particulars of the fraud alleged in Count Two of the Amended Complaint are as follows: first, Defendant McEntee caused Defendant Pitcohn to pay its carpenter employees in cash and / or "off the books"; second, he submitted and/or communicated, or caused Defendant Pitcohn to submit and/or communicate, false reports and information to the Plaintiff Benefit Funds (or its agents) that deliberately omitted carpenter employees; third, he submitted shop steward reports to the District Council that deliberately omitted carpenter employees. (Amended Complaint, paras. 27-30)

Thus, by not including "off the books" employees, the representations are alleged to be false because they were incomplete.

However, the Plaintiff Benefit Funds' knowledge of the practice by the Carpenters' Union of recruiting unauthorized aliens as members, as well as their subsequent employment by known union contractors – including Defendant Pitcohn and On Par Contracting – goes to the heart of their claimed reliance on Defendant McEntee's representations. Likewise, their knowledge, which Defendants also contend, that unauthorized aliens could not be processed through the compulsory ADP payroll and benefits system, and of Defendant Pitcohn's unsuccessful attempts to do so.

In effect, Defendants contend that the Plaintiff Benefit funds were aware that Defendant Pitcohn employed unauthorized aliens and that such employment was "off the books." Accordingly, it was aware that representations regarding Defendant Pitcohn's "on the books" employees were incomplete. Thus, it was not defrauded.

## CONCLUSION

Defendants seek full compliance with its outstanding matters of discovery – namely, its Third and Fourth Requests for Production of Documents; its Notice to take Deposition pursuant to Rule 30(6)(b); and Subpoenas issued to Local 608, Thomas McKeon, and Michael Murphy, respectively – as they relate to the above-specified defenses.

Dated: New York, New York
       March 3, 2009

_____
NIALL MAC GIOLLLABHUÍ
Law Offices of Michael G. Dowd
Attorneys for Defendant McEntree
112 Madison Avenue, 3rd Floor
New York, NY 10016
(212) 751-1640