UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et al.,              :

                 Plaintiffs,        :

        -v.-                                    :

PITCOHN CONSTRUCTION ENTERPRISES,             :
INC. and GERARD MCENTREE,

                                           :
                Defendants.
------------------------------------------------------------------x



MEMORANDUM ORDER

06 Civ. 6531 (LBS)(GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The plaintiffs – consisting of union benefit funds – have sued defendants Pitcohn Construction Enterprises, Inc. and Gerard McEntree (collectively, "Pitcohn") alleging that Pitcohn's payments to the plaintiffs were deficient in that the payments were not made on behalf of all the employees who worked for Pitcohn during the relevant period. Plaintiffs are alleged to have received regular payroll reports from Pitcohn listing the employees for whom benefit contributions were being made. Pitcohn contends that the allegedly missing benefit contributions pertained to aliens who were not authorized to work, and that it was therefore not required to make contributions with respect to those workers. Plaintiffs have made claims against Pitcohn both pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., and under common law fraud.

      Pitcohn seeks discovery relating in part to whether the allegedly missing employees were authorized to work and plaintiffs' own knowledge of the immigration status of these employees. Plaintiffs oppose discovery on these topics for various reasons, including relevance. Defendants contend that the requested discovery is relevant to their defenses that (1) plaintiffs did not rely on the reports (for purposes of the fraud claim); and (2) the benefit contributions being sought are illegal (for purposes of ERISA) on the grounds that (a) employment of unauthorized aliens is illegal and (b) it is illegal to make contributions to benefit plans if those contributions will not actually be used to pay benefits to employees.

      As to the defense relating to reliance, Pitcohn has asserted that the plaintiffs actively recruited unauthorized aliens as union members. See Memorandum of Law, filed Mar. 4, 2009 (Docket # 44), at 3. It contends the plaintiff funds were aware that Pitcohn employed these unauthorized aliens "off the books" and thus that plaintiffs knew that the "representations regarding Defendant Pitcohn's 'on the books' employees were incomplete." Id. at 6. Plaintiffs assert that their own knowledge is irrelevant and that they were entitled to assume the accuracy of Pitcohn's payroll reports as to the amount of fringe benefits due.

It is a defense to a claim of reliance in a fraud case that the representations at issue were "so patently and obviously false that [the plaintiff] must have closed [its] eyes to avoid discovery of the truth." Corva v. United Servs. Auto. Ass'n, 108 A.D.2d 631, 633 (1st Dep't 1985) (quoting William L. Prosser, Torts 715-16 (4th ed. 1971)). The Second Circuit considered a similar question in Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1992), in which – as is the case here – benefit funds claimed that they were entitled to benefit contributions on behalf of illegal workers who were paid "off the books." In considering a claim that the benefit funds had failed to show the reliance element of their fraud claim, Diduck made clear that the benefit funds' recovery would not be barred if the funds merely acted "negligent[ly]," and that the defendants could not negate reliance simply by showing that the funds were "put on notice" that the reports coming from the employer were false. Id. at 278-79. At the same time, Diduck made clear that "a party may not justifiably rely on obviously false representations." Id. at 278. Thus, Diduck stated that the defendants' claim that the benefit funds could not have relied on the reports turned on the question of whether it was "sufficiently 'obvious'" to the benefit funds that they were not entitled to the additional contributions. Id.

This case is merely at the discovery stage and thus the question before this Court is whether the plaintiffs' alleged knowledge of the insufficiency of Pitcohn's reports is "relevant" to Pitcohn's defense that plaintiffs were not relying on their reports. See Fed. R. Civ. P. 26(b)(1). Inasmuch as Pitcohn is entitled to discovery on the topic of whether the absence of the illegal workers from the reports was "obvious" to plaintiffs, the Court cannot find the discovery requests relating to this topic are outside the broad scope of Rule 26.[1]

The Court is aware that plaintiffs have made other objections to Pitcohn's discovery requests but is hopeful that this ruling will narrow or eliminate the parties' disputes. Accordingly, the parties are directed to confer to determine what additional disputes remain in light of the instant ruling. If no agreement can be reached, the parties may either (1) promptly send a letter to the Court listing the remaining disputes, or (2) await the lifting of the stay of discovery in this matter before sending such a letter.

SO ORDERED.

Dated: May 5, 2009
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Because the discovery sought is relevant to the issue of reliance, we need not reach the question of its relevance to plaintiffs' ERISA claim.